SUBMIT ORDER.

**THE PEOPLE OF THE TERRITORY OF GUAM**

v.

**ANTONIO SALAS CHARGUALAF, Defendant**

Criminal Case No. 191F-78

Superior Court of Guam

November 1, 1978

WEEKS, *Judge*

### DECISION AND ORDER

This matter comes before the Court on defendant's Motion to Suppress. The motion was heard on October 5, 1978, and decision was reserved.

Defendant seeks to suppress heroin seized from his person under a warrant executed on September 9, 1978. Defendant was searched pursuant to the "persons present therein" language of the search warrant. It is defendant's contention that this violates his rights under § 35.20(b)

of the Criminal Procedure Code and the Fourth Amendment.

Section 35.20(b) and the Fourth Amendment require a warrant to particularly describe the place to be searched and the persons or things to be seized. The issue presented by defendant is whether presence at a specified place is a constitutionally sufficient description of a person to allow a search under a warrant. Defendant cites *State v. De Simone*, 288 A.2d 849 (1972), and *People v. Nieves*, 330 N.E.2d 26 (1975), in support of his position that the description "persons present therein" is inadequate and therefore fails as a general warrant. However, both these cases recognized that under certain circumstances "persons present therein" language is sufficiently descriptive to satisfy the Fourth Amendment.

In *State v. De Simone*, 288 A.2d 849, a passenger in a car was searched under a warrant directing a search of a specifically described automobile and "any and all persons found therein." The automobile had been observed participating in a floating lottery drop. The court upheld the search. Addressing the question of the sufficiency of a description in a warrant under the Fourth Amendment, the court stated:

And, with regard to the Fourth Amendment demand for specificity as to the subject to be searched, there is none of the vice of a general warrant if the individual is thus identified by physical nexus to the on-going criminal event itself. In such a setting, the officer executing the warrant has neither the authority nor the opportunity to search everywhere for anyone violating a law. So long as there is good reason to suspect or believe that anyone present at the anticipated scene will probably be a participant, presence becomes the descriptive fact satisfying the aim of the Fourth Amendment. The evil of the general warrant is thereby negated. To insist nonetheless that the individual be otherwise described when circumstances will not permit it, would simply deny Government a needed power to deal with crime, without advancing the interest the Amendment was meant to serve. 288 A.2d at 851.

In *People v. Nieves*, 330 N.E.2d 26, the court found the particular circumstances of that case did not support a reasonable inference that any person present at the restaurant and cocktail lounge possessed gambling records. However, the court clearly pointed out that "any person present" language could, in some circumstances, survive constitutional attack. The court stated that:

. . . what will amount to forbidden generality or, to put it another way, insufficient particularity in a warrant necessarily depends upon the facts and circumstances of each case. 330 N.E.2d at 32.

Upon similar facts and circumstances to the case at bar, the court in *Commonwealth v. Smith*, 348 N.E.2d 101 (1976), held the warrant to be constitutionally sufficient. In that case, heroin was found on defendant's person during a search pursuant to a warrant for the apartment, the known occupant, and "any person present who may be found to have heroin in his possession or under his control or to whom such property may have been delivered". The defendant contended that the search under the "any person present" language of the warrant violated his Fourth and Fourteenth Amendment rights in that the warrant lacked specificity since it did not describe the person of the defendant as the object of the search. The court, however, looked at both the affidavit and the search warrant and concluded that there was probable cause to believe that any person on the premises was involved in the illegal trafficking of heroin. In so holding the court found that the search under the "any persons present" language fell within the narrowly circumscribed range of searches which because of their peculiar facts are consistent with the Fourth Amendment. In reaching its decision the court found several factors particularly relevant:

. . . the premises or area to be searched are small, confined and private; the nature of the criminal activity is such that the participants (in general) constantly shift or change so that it is,

practically, impossible for the police to predict that any specific person or persons will be on the premises at any given time; and the items specifically described in the warrant as the target of the search are of a size or kind which renders them easily and likely to be concealed on the person. 348 N.E.2d at 107.

This Court finds the reasoning in *Commonwealth v. Smith* persuasive. The premise to be searched, the Pedro San Agustin residence, was confined and private. Secondly, the affidavit stated that traffic in illicit drugs continued both day and night, and that the informant advised the affiant that the activity was of a continuing nature. In this type of situation it is reasonable to assume that the participants are constantly shifting so it is practically impossible for the police to predict that any specific person or persons would be at the Pedro San Agustin residence at any given time. Additionally, the affidavit states that:

. . . based on my experience and training, I am aware that useable quantities of controlled substances are quite small, and may readily be concealed on the person; That, in my experience, controlled substances are often found concealed upon the person of those individuals who are present on the premises where controlled substances may be found; That in my experience persons present on a premises where a warrant is being executed will often hide the controlled substance sought, or a portion thereof, on their person.

This Court is satisfied that relying on the particular facts in this case the warrant to search "persons present therein" was based upon probable cause to believe that such person would be involved in heroin trafficking. The fact that one of the persons present did not actually possess narcotics is not determinative. A search under the "persons present therein" language is valid where the underlying circumstances clearly demonstrate probable cause to believe that all persons are involved in the criminal activity. But this does not require that, judging by hindsight, every person on the premises was in fact involved in the criminal

activity. Under the particular circumstances of this case, the Court finds that defendant's presence at the Pedro San Agustin residence satisfied the specificity requirements of § 35.20 (b) and the Fourth Amendment.

For the aforementioned reasons, defendant's Motion to Suppress is denied.